UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WAYNE PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-1435 |
| | ) |
| THE STATE OF ILLINOIS, ILLINOIS | ) |
| DEPARTMENT OF HUMAN | ) |
| SERVICES, an Administrative Agency | ) |
| of the State of Illinois, JAMES DIMAS, | ) |
| Individually and as Secretary-Designate | ) |
| of the Illinois Department of Human | ) |
| Services, | ) |
| | ) |
| Defendants. | ) |

# ORDER AND OPINION

This matter is now before the Court on Defendants' Motion [19] to Dismiss Plaintiff's Amended Complaint. For the reasons set forth below, Defendants' Motion to Dismiss [19] is GRANTED.

## BACKGROUND

Plaintiff Wayne Patterson ("Patterson") filed a complaint against Defendants pursuant to 42 U.S.C. § 1983, claiming that the hearing process used by Defendant Illinois Department of Human Services ("DHS") was unconstitutionally applied to him and that DHS violated his due process rights when Patterson was not allowed to cross-examine an investigator during a DHS hearing. See E.C.F. Doc. 15.

On February 14, 2011, Patterson had an administrative appeal hearing with the local DHS office regarding the termination of his Supplemental Nutrition Assistance Program ("SNAP") benefits. The Hearing Officer stated at the beginning of the hearing that Patterson had the right of

1

cross-examination and the right to present any material evidence in support of his case. See E.C.F. Doc. 1-1. Patterson stated several times during the hearing that he wanted to cross-examine the investigator who compiled a report for DHS about the possible overpayment of benefits; however, a DHS employee said the investigator was not able to attend the hearing on such short notice. Nothing in the record suggests Patterson requested a subpoena for the investigator to attend the hearing. DHS issued its final decision affirming the termination of Patterson's SNAP benefits on April 6, 2011.

Patterson filed a complaint in state court on May 2, 2011, for administrative review of the DHS decision. The trial court affirmed the decision to terminate benefits on May 21, 2013. Patterson appealed the trial court decision, but it was affirmed by the Illinois Appellate Court in May 2014. The Supreme Court of Illinois denied Patterson's petition for appeal. With all options exhausted in state court, Patterson filed this complaint with the District Court on October 23, 2015, and then filed an amended complaint on March 9, 2016.

The complaint states that Patterson seeks declaratory and injunctive relief enjoining Defendants State of Illinois ("Illinois") and DHS from enforcing Illinois Administrative Code Title 89, Chapter IV, Part 508, §§ 508.110 and 508.120, and § 7(c) of the Administrative Procedure Act, 5 U.S.C. § 556(d) as applied against him. Patterson asks the Court to declare Illinois Administrative Code Title 89, Chapter IV, Part 508, § 508.110 unconstitutional as applied to his administrative hearing.[1] Patterson requests compensatory damages be awarded against the Defendants for "their willful violation of Plaintiff's property rights."

---

[1] The part of the Illinois Administrative Code that Plaintiff asks the Court to declare unconstitutional does not govern the type of administrative hearing that DHS conducted with regards to Plaintiff. Plaintiff cites code that regulates Early Intervention Program for children who have disabilities due to developmental delay. 89 Ill. Adm. Code 500.10.

## STANDARD OF REVIEW

A complaint can be dismissed on motion by the opposing party for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must contain sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The court accepts all facts alleged in the complaint as true and draws all reasonable inferences from those facts in favor of the plaintiff when reviewing a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007); *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008).

A statute of limitations defense in a motion to dismiss under Rule 12(b)(6), while not typical, may be appropriate when all pleaded facts in the complaint reveal that the action is time-barred under the governing limitation period. *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011). Claims filed under 42 U.S.C. § 1983 are subject to state limitation periods governing general personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985); *Campbell v. Forest Preserve Dist.*, 752 F.3d 665, 667 (7th Cir. 2014). The Illinois statute of limitations for personal injury actions is two years. 735 ILCS 5/13-202; *Campbell*, 752 F.3d at 667.

The Eleventh Amendment of the United States Constitution bars private suits against states in federal court with only three exceptions. *Nuñez v. Ind. Dept. of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016). An agency of the state receives the same immunity as the state under the Eleventh Amendment. *Id*. The Eleventh Amendment also prohibits claims against state officials in their official-capacity because "the state is the real party in interest in such suits." *Meadows v. Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988).

## ANALYSIS

Defendants ask for dismissal of this suit because Plaintiff has not stated a claim upon which relief may be granted. The Court agrees with Defendants and recognizes that this claim can be dismissed for multiple reasons. First, the claim must be dismissed against all Defendants because it is barred by the statute of limitations. Second, the claim must be dismissed against Defendants Illinois, DHS, and Dimas in his official capacity because they have raised the defense of sovereign immunity. Finally, the claim against Dimas in his individual capacity must be dismissed because the complaint did not plead sufficient facts to demonstrate how Dimas could be liable for the alleged violation of Plaintiff's constitutional right. Defendants have also raised the defense of *res judicata*; however, the Court finds it unnecessary to analyze Plaintiff's claim under that doctrine because it is evident the claim must be dismissed under the statute of limitations and sovereign immunity defenses.

1.  **Statute of Limitations**

This case is time-barred because it has been more than two years since the administrative hearing in which Patterson claims his due process rights were violated. Claims filed under 42 U.S.C. § 1983 are subject to state limitation periods governing personal injury claims. *Wilson*, 471 U.S. at 276-79; *Campbell*, 752 F.3d at 667. Claims under § 1983 are most analogous to personal injury claims because § 1983 created a cause of action where there has been an injury "*to the person* or to the constitutional or federal statutory rights which emanate from or are guaranteed *to the person*." *Id*. at 278 (emphasis added) (quoting *Almond v. Kent*, 459 F.2d 200, 204 (4th Cir. 1972)). The Illinois statute of limitations for personal injury actions is two years. 735 ILCS 5/13-202; *Campbell*, 752 F.3d at 667.

It is not typical to include a statute of limitations defense in a motion to dismiss under Rule 12(b)(6), but it may be appropriate when all facts pleaded in the complaint reveal that the action is time-barred under the governing limitation period. *Logan*, 644 F.3d at 582. Here, Plaintiff claims that his right to due process was violated when he was not able to cross-examine an investigator during the administrative appeal hearing in February 2011. This case was filed with the district court more than four years later on October 23, 2015, which is well outside the statute of limitations for § 1983 claims in Illinois. Therefore, this claim is time-barred and may be dismissed on those grounds. Apart from the statute of limitations, this claim is also barred because Defendants are entitled to sovereign immunity.

**2. Sovereign Immunity**

The claim must be dismissed against Defendants Illinois, DHS, and Dimas in his official-capacity because all three parties have sovereign immunity. The Eleventh Amendment protects states from private suits in federal court. *Nuñez*, 817 F.3d at 1044. An agency of the state receives the same immunity as the state under the Eleventh Amendment. *Id*. The Eleventh Amendment also prohibits claims against state officials in their official capacity because "the state is the real party in interest in such suits." *Meadows*, 854 F.2d at 1069.

There are three exceptions to sovereign immunity, *Nuñez*, 817 F.3d at 1044, but these exceptions do not apply to the instant case. First, a state may waive its immunity and consent to a suit in federal court. *Id*. Second, there is no immunity when a claim against a state official seeks only prospective equitable relief. *Id*. Third, Congress may exercise its legislative power to abrogate Eleventh Amendment immunity for certain actions against a state. *Id*. These exceptions to sovereign immunity will be discussed in turn.

Illinois has not waived immunity or consented to being sued in this cause of action. 745 ILCS 5/1. The waiver must be stated "by the most express language or by such overwhelming implications from the text" that there is no doubt the state intended to waive immunity. *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)). Here, Defendants did not file an answer to the complaint, instead filing a motion for dismissal because the suit is barred, *inter alia*, by sovereign immunity. It is clear that Illinois has no intention of waiving its immunity and allowing this suit to proceed against it.

Eleventh Amendment immunity does not apply when an official-capacity claim against a state official seeks only prospective equitable relief. *Nuñez*, 817 F.3d at 1044. Plaintiff's prayer for relief asks the court to declare the Illinois Administrative Code unconstitutional as applied to him and to order a new administrative hearing. Plaintiff also requests compensatory damages for Defendants' "willful violation of Plaintiff's property rights." While Plaintiff asks for declaratory and injunctive relief, these forms of equitable relief are retrospective because Plaintiff is asking for a declaration that his rights were violated in 2011. Plaintiff does not allege that Defendants continue to violate federal law. Moreover, Plaintiff's request for damages brings his claim outside the exception, as monetary damages are not "prospective equitable relief." *Id.* In the absence of a request for prospective equitable relief, the claim against Defendant Dimas in his official capacity cannot go forward because of the constitutional immunity.

The third exception to Eleventh Amendment immunity does not apply here because Congress has not abrogated states' immunity for § 1983 claims. The Supreme Court found § 1983 does not "override the traditional sovereign immunity of the States." *Quern v. Jordan*, 440 U.S. 332, 341 (1979). There is no explicit language in the statute that indicates Congress intended to abrogate states' immunity, nor is there anything in the congressional record that

suggests there was definite intent to abrogate immunity. *Id*. at 345. The Supreme Court stated "neither a State nor its officials acting in their official capacities are 'persons' within § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Since there has been no action by Congress to abrogate states' immunity for claims under § 1983, the third exception to Eleventh Amendment immunity does not apply to the instant case.

### 3. Dimas in His Individual Capacity

Finally, the claim against Defendant Dimas in his individual capacity must be dismissed because a defendant cannot be held vicariously liable under a theory of *respondeat superior* for a § 1983 claim. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Rather, a plaintiff must show that a defendant was directly involved with the deprivation of a constitutional right. *Id*. Here, Plaintiff does not plead facts to show that Dimas had any personal involvement in the 2011 DHS hearing. The complaint states that Dimas "at all times relevant to this case acted under color of state law" but does not specify how Dimas acted beyond the bounds of his lawful authority. Further, Dimas could not have been involved in the 2011 hearing because Dimas was not nominated as Secretary of DHS until four years after Patterson's administrative hearing.[2]

As discussed above, this case must be dismissed against all Defendants because it was untimely filed under the statute of limitations. The case is also barred by sovereign immunity against Defendants Illinois, DHS, and Dimas in his official capacity. The claim does not fall under any of the three exceptions to states' Eleventh Amendment immunity. Further, the claim against Dimas in his individual capacity cannot go forward because there is no vicarious liability for § 1983 claims. Plaintiff has failed to state a claim upon which relief may be granted, therefore, this case must be dismissed.

---

[2] *Governor Announces Appointments*, Official Website for the State of Illinois, (May 8, 2015), http://www3.illinois.gov/PressReleases/ShowPressRelease.cfm?SubjectID=2&RecNum=13073.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss [19] is Granted. Plaintiff's Complaint is Dismissed with Prejudice. This matter is now terminated.

Signed on this 21st day of July, 2016.

s/ James E. Shadid<br>
James E. Shadid<br>
Chief United States District Judge