UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WAYNE PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-1435 |
| ) | |
| THE STATE OF ILLINOIS, ILLINOIS ) | |
| DEPARTMENT OF HUMAN ) | |
| SERVICES, an Administrative Agency ) | |
| of the State of Illinois, JAMES DIMAS, ) | |
| Individually and as Secretary-Designate ) | |
| of the Illinois Department of Human ) | |
| Services, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION

This matter is now before the Court on Plaintiff's Motion [26] for Reconsideration pursuant to Rule 59(e) and Motion [27] for Leave to Amend Complaint. For the reasons set forth below, Plaintiff's Motion [26] for Reconsideration is Denied and Plaintiff's Motion [27] for Leave to Amend is Moot.

### BACKGROUND

Plaintiff Wayne Patterson ("Patterson") filed a complaint against Defendants pursuant to 42 U.S.C. § 1983, claiming that the hearing process used by Defendant Illinois Department of Human Services ("DHS") was unconstitutionally applied to him and that DHS violated his due process rights when Patterson was not allowed to cross-examine an investigator during a DHS hearing. See E.C.F. Doc. 15.

On February 14, 2011, Patterson had an administrative appeal hearing with the local DHS office regarding the termination of his Supplemental Nutrition Assistance Program ("SNAP")

1

benefits. The Hearing Officer stated at the beginning of the hearing that Patterson had the right of cross-examination and the right to present any material evidence in support of his case. See E.C.F. Doc. 1-1. Patterson stated several times during the hearing that he wanted to cross-examine the investigator who compiled a report for DHS about the possible overpayment of benefits; however, a DHS employee said the investigator was not able to attend the hearing on such short notice. Nothing in the record suggests Patterson requested a subpoena for the investigator to attend the hearing. DHS issued its final decision affirming the termination of Patterson's SNAP benefits on April 6, 2011.

Patterson filed a complaint in state court on May 2, 2011, for administrative review of the DHS decision. The trial court affirmed the decision to terminate benefits on May 21, 2013. Patterson appealed the trial court decision, but it was affirmed by the Illinois Appellate Court in May 2014. The Supreme Court of Illinois denied Patterson's petition for appeal. With all options exhausted in state court, Patterson filed this complaint with the District Court on October 23, 2015, and then filed an amended complaint on March 9, 2016.

The complaint stated that Patterson sought declaratory and injunctive relief enjoining Defendants State of Illinois ("Illinois") and DHS from enforcing Illinois Administrative Code Title 89, Chapter IV, Part 508, §§ 508.110 and 508.120, and § 7(c) of the Administrative Procedure Act, 5 U.S.C. § 556(d) as applied against him. Patterson asked the Court to declare Illinois Administrative Code Title 89, Chapter IV, Part 508, § 508.110 unconstitutional as applied to his administrative hearing. Patterson requested compensatory damages be awarded against the Defendants for "their willful violation of Plaintiff's property rights."

On July 21, 2016, this Court issued an Order and Opinion granting Defendants' motion to dismiss. That Opinion reasoned that Plaintiff's claims were barred by the statute of limitations.

Additionally, the Court reasoned that Plaintiff's claims against Defendants the State of Illinois, DHS, and Dimas, in his official capacity, were barred under the Eleventh Amendment. Finally, the Court explained that Plaintiff's claim against Dimas in his individual capacity also warranted dismissal because the Complaint did not allege that Dimas had any personal involvement in the alleged violation of Plaintiff's constitutional rights. Plaintiff now brings this motion to reconsider under Fed. R. Civ. P. 59(e), together with a motion to amend his Complaint. A notice of appeal was filed the same day. This Order follows.

## STANDARD OF REVIEW

Motions for reconsideration serve a limited function: to correct manifest errors of law or fact, or to present newly discovered evidence. *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). It is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. *Id*. at 1270; *Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011). Generally, a district court is divested of jurisdiction once a notice of appeal is filed. *Ameritech Corp. v. Int'l Broth. of Elec. Workers, Local 21*, 543 F.3d 414, 418 (7th Cir. 2008). However, district courts possess limited authority to deny motions to reconsider while an appeal is pending. *Id*. at 418-19.

## ANALYSIS

Plaintiff's motion to reconsider merely reiterates the arguments previously rejected in this Court's July 21, 2016, Order and Opinion. First, Plaintiff states that Eleventh Amendment immunity does not apply to suits against state officials seeking only prospective equitable relief, but his Complaint clearly requests monetary damages. Even if the Court were to look to Plaintiff's proposed amended Complaint, his requests for "prospective injunctive relief" do not fit within the narrow exception to sovereign immunity because the "judgment sought

[here, reinstatement of SNAP benefits] would expend itself on the public treasury or domain, or interfere with public administration." *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011).

Second, Plaintiff's motion argues that his claims are timely because his benefits were suspended on May 3, 2015. However, according to his Complaint, all of his claims stem from the 2011 administrative hearing and final administrative decision. Third, Plaintiff states that his proposed amended Complaint, filed concurrently with his motion to reconsider, "adds parties who have never been part of any other complaint filed by Plaintiff." However, the addition of new parties in a post-judgment amendment would not "correct manifest errors of law or fact, or [] present newly discovered evidence." *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). Moreover, allowing Plaintiff to amend his Complaint to add additional Defendants would not remedy the deficiencies in his prior complaint. Specifically, the statute of limitations, sovereign immunity, *res judicata* and unavailability of *respondeat superior* in § 1983 actions would still warrant dismissal of his claims.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion [26] to Reconsider is Denied. Plaintiff's Motion [27] for Leave to Amend his Complaint is now Moot.
This matter is now terminated.

Signed on this 23rd day of August, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge